IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

    Petitioner,

v.

**RANDALL WORKMAN, Warden,**

    Respondent.

Case No. CIV 12-306-RAW-KEW

## OPINION AND ORDER

Petitioner Rickey White, an inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed a petition for a writ of mandamus and prohibition, again challenging his life sentence in Choctaw County District Court Case No. CRF-81-83. He also is complaining that the Oklahoma Pardon and Parole Board violated the prohibition against ex post facto laws, and he is asking to be resentenced under the Truth in Sentencing Matrix. He alleges his life sentence is incorrect, and he wants this court to reduce it to 38 years and 3 months. These are essentially the same claims he recently presented in *White v. Workman*, No. 12-196-FHS-KEW (E.D. Okla. June 13, 2012), and which the court dismissed as a second or successive habeas corpus petition.

The record shows that petitioner previously has challenged this conviction and sentence, and his earlier habeas corpus action was dismissed as barred by the statute of limitations. *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). He has continued to file post-conviction applications in state court, but in 2008 the Oklahoma Court of Criminal Appeals barred him from seeking further relief from his Judgment and Sentence in CRF-81-83. *White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008). On April 30, 2009, the Tenth Circuit Court of Appeals denied petitioner's second motion for authorization to file a second or successive petition, finding he had "failed to make a prima facie showing of new facts." *In re White*, No. 09-7045, slip op. at 2 (10th Cir. Apr. 30, 2009). Therefore, to the extent he again is

challenging his sentence, the court construes this petition as yet another successive petition arising under § 2254.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this challenge to petitioner's sentence is dismissed for lack of jurisdiction.

Petitioner also is complaining that an amended statute, Okla. Stat. tit. 57, § 332.7, and the Oklahoma Pardon and Parole Board's policy decreased the frequency of his parole reconsideration dates, in violation of the Ex Post Facto Clause of the United States Constitution. He asserts this change from an annual review to a review every three years resulted in an increase in his punishment and his offense level. Because this claim concerns the execution of his sentence, it will be considered under 28 U.S.C. § 2241, instead of § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

According to the Offender Lookup section of the Oklahoma Department of Corrections website at http://www.doc.state.ok.us/, petitioner received a life sentence in Choctaw County District Court Case No. CRF-81-83, and he was received into DOC custody in 1983. Under Oklahoma law, a person convicted prior to July 1, 1998, becomes eligible for parole consideration after serving one-third of his sentence. Okla. Stat. tit. 57, § 332.7(A)(1). Pursuant to the policy of the Pardon and Parole Board, a life sentence is treated as 45 years for purposes of determining the one-third mark. *See Anderson v. State*, 130 P.3d 273, 282 (Okla. Crim. App. 2006). After being denied parole, a person who was convicted of a violent crime is not reconsidered within three years. *See* Okla. Stat. tit. 57, § 332.7(D)(1).

Petitioner has submitted his Notification of Parole Consideration Date, dated October 21, 1998, indicating his parole docket date was set for September 2001, approximately three years from the date of the notification [Docket No. 1 at 5]. Petitioner also has submitted a letter from the Pardon and Parole Board, dated November 14, 2001, stating his next parole consideration date was September 2004 [Docket No. 1 at 6]. He filed this action on July 13, 2012, more than 13 years after the 1998 notification was issued.

The Tenth Circuit Court of Appeals has examined and rejected the claim that the 1998 amended statute shifting parole hearing from one year to three years violated the prohibition against ex post facto laws. *Henderson v. Scott*, 260 F.3d 1213 (10th Cir. 2001), *cert. denied*, 535 U.S. 1063 (2002). Furthermore, petitioner's ex post facto claim clearly was filed after expiration of the one-year statute of limitations for habeas corpus cases, pursuant to 28 U.S.C. § 2244(d). *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obligated to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Therefore, petitioner's § 2241 claim is dismissed for failure to state a claim.

**ACCORDINGLY,** petitioner's successive challenge to his sentence under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. His ex post facto claim under 28 U.S.C. § 2241 is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 17th day of July 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**